■ McKee-Berger-Mansueto, Inc., et al., Respondents, v. Barry Federman et al., Appellants.

Concur — Steuer, J. P., Rabin, McNally and Tilzer, JJ.

■ McKee-Berger-Mansueto, Inc., et al., Respondents, v. Barry Federman et al., Appellants.

Concur — Steuer, J. P., Capozzoli, Tilzer, Rabin and McGivern, JJ.

■ Tillie Krotman et al., Respondents, v. Sea Shore Transportation Company et al., Appellants.

Concur — Stevens, J. P., Eager, Rabin and McNally, JJ.; Steuer, J., dissents in the following memorandum: I dissent and vote to reverse and deny summary judgment. The bus in which plaintiffs were passengers was proceeding north at night on a State highway. The highway was unlit. Defendants' bus at no time exceeded the speed limit, nor were there any weather conditions which would make it negligence as a matter of law to drive up to the allowable limit. The bus struck a truck traveling in the same direction. The truck carried no lights and the bus driver's affidavit is to the effect that he did not see the truck in time to avoid the collision. It is axiomatic that each case stands on its own facts. This is especially applicable in automobile negligence actions, where the slightest variation of conduct or conditions can make the difference between negligence and the exercise of due care. Where the inference to be drawn from the facts admit of different conclusions, summary judgment is not permissible. For these reasons, decision on facts even reasonably close to those appearing in the case at bar constitutes no precedent.

■ The People of the State of New York, Respondent, v. Norman Brabson, Appellant.